Steven G. Biddle; AZ Bar No. 012636
sbiddle@littler.com
Kimberly M. Shappley; AZ Bar No. 035740
kshappley@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Painter,<br><br>         Plaintiff,<br><br>v.<br><br>Katerra, Inc., a foreign corporation; Black Corporations, I-X; and White Partnerships, jointly and severally,<br><br>         Defendant. | Case No. 2:21-cv-00308-SRB<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

## I.   INTRODUCTION

Defendant Katerra Inc., improperly named as "Katerra, Inc." ("Defendant"), hereby submits its Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint ("Motion"). In response to the Motion, Plaintiff cites *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007), for the proposition that the "complaint must merely contain enough factual content 'to raise a reasonable expectation that discovery will reveal evidence' of the claim." Notably, however, Plaintiff fails to meet this standard because the Amended Complaint ("FAC") is devoid of any facts demonstrating that he disclosed to Defendant or a representative of Defendant, in a reasonable manner, that he had information or a reasonable belief that Defendant or one of its employees "has violated, is violating, or will violate" A.R.S. §§ 13-2202(A)(4), 13-2310(A), or 13-2308.03(A)(1)-(2). The FAC simply lacks "factual content that allows the [C]ourt to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

550 U.S. at 570).

Like his original Complaint, Plaintiff's FAC fails to state a plausible claim for wrongful termination pursuant to A.R.S. § 23-1501(A)(3)(c)(ii). Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Response") also improperly adds factual assertions that are not contained in the FAC, indicating that he again insufficiently pled his claim. Accordingly, Plaintiff's remaining claim should be dismissed, with prejudice, as he already has been afforded the opportunity to amend his original Complaint on the one remaining cause of action. If facts exist that would permit Plaintiff to establish a plausible claim on this narrow issue, he should have pled them in the FAC. The fact that he did not do so in his FAC is telling.

## II.   LEGAL ARGUMENT

### A.   Plaintiff Fails to Plead Sufficient Facts to State a Plausible Claim for Relief.

To state a claim for wrongful termination under A.R.S. § 23-1501(A)(3)(c)(ii), a plaintiff must allege that he had information or a reasonable belief that his employer violated, was violating, or was going to violate an Arizona statute or constitutional provision. *See Secord v. Marketo, Inc.,* No. CV-18-03142-PHX-GMS, 2020 WL 1033165, at *2 (D. Ariz. Mar. 3, 2020). As discussed in Defendant's Motion, the FAC does not sufficiently allege facts demonstrating that Plaintiff's alleged statements to Mr. Schumkae constituted a reasonable disclosure that he had information or a reasonable belief of a violation or potential violation of an Arizona statute by Defendant. *See* FAC ¶¶ 23, 25, 27-29, 39-41, 51, 53.

Plaintiff's Response misconstrues Defendant's argument and relies on *Mullenaux v. Graham County,* 207 Ariz. 1, 82 P.3d 362 (App. 2004), to allege that a plaintiff need not specify to the employer at the time an alleged violation of public policy is disclosed which specific Arizona statute is being violated to prevail on a retaliation claim under A.R.S. § 23-1501. Defendant does not argue this; rather, it contends that the FAC fails to allege facts sufficient to show that Plaintiff disclosed to Defendant or a representative of Defendant that he had information or a reasonable belief that Defendant or one of its employees "has violated, is violating or will violate" an Arizona statute. Further, this Court, in its Order granting

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

Defendant's first Motion to Dismiss [Doc. 14] specifically stated that Plaintiff's reliance upon *Mulleneaux* was misplaced because it was based entirely on Arizona's pleading standards, not the federal standards outlined in Fed. R. Civ. P. 8(a) and *Twombly, Iqbal,* and their progeny.

Here, the FAC specifically alleges that "Defendant violated" A.R.S. § 13-2202(A)(4), A.R.S. § 13-2310(A), and A.R.S. 13-2308.03(A)(1)-(2) when it "ignored Plaintiff's advice and subsequently fired him." (FAC ¶64(a)-(c)). The FAC, however, does not sufficiently plead facts to establish a plausible claim with respect to each of these three criminal statutes. Rather, Plaintiff's Response impermissibly refers to matters outside of the Complaint in an attempt to add additional facts to plausibly support his claims.

### i. Plaintiff's Response Relies on Matters Not Contained in the FAC, or That Can Be Characterized as a Reasonable Inference Therefrom.

A court's review is limited to the face of the complaint and judicially noticeable matters when deciding a motion to dismiss. *See MGIC Indem. Corp. v. Weisman*, 803 F. 2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Defendant has moved to dismiss the FAC because it fails to allege sufficient facts that, if taken as true, would lead to a plausible inference that he is entitled to relief. Plaintiff, in his Response to Defendant's Motion, asserts additional allegations of fact in an effort to avoid dismissal of his sole remaining claim. These additional allegations include:

● "Schumake was unconcerned about covering up the mold and potentially causing severe harm and told Plaintiff to keep quiet about Defendant's unlawful plan to cover up the mold." (FAC ¶ 29; Response p. 3, lines 21-23). Notably, the cited portion of the FAC does not allege that there was "an unlawful plan to cover up the mold."

● "On January 28, 2020, Plaintiff again advised his boss Schumake that he knew the severe mold was still present throughout Lyon's Gate and it was about to be sealed into the framing and drywall unless Defendant acted to stop it." (Response p. 4, lines 7-10; FAC ¶¶40, 63-64.) The FAC does not go so far as to allege that the mold was about to be or would be sealed into the drywall "unless Defendant acted to stop it." Rather the FAC alleges Plaintiff told Schumake that the mold was still present, which Schumake knew, and "was about to be

sealed into the framing and drywall." It further alleges Schumake had the "authority to investigate and take action to remedy the mold prior to continuing construction." (FAC ¶¶ 40, 63). Here, there is no allegation that Defendant or any of its employees was planning to or was instructed to seal the mold into the framing and drywall and, in fact, Paragraph 63 shows that construction had not yet resumed at this time.

- "Schumake got immediately irritated about being told Defendant was going to act unlawfully to cover up the mold so he ended the conversation and within 15 minutes, Plaintiff was advised to leave for the day, stay away from the blue prints for the job, and that someone else would serve as foreman." (FAC ¶¶ 41-42; Response p. 4, lines 11-14). The cited paragraphs and remainder of the FAC do not state that Plaintiff told Schumake that Defendant "was going to act unlawfully to cover up the mold," or that Plaintiff stated to Schumake that Defendant was going to intentionally cover up the mold.

- "Plaintiff's disclosures were done in a reasonable manner to his supervisor who had the authority to investigate and act to remedy the mold issue." (FAC ¶ 63; Response p. 5, lines 9-13). This is a bare legal conclusion, and it also leaves off the remainder of Paragraph 63 that states, "prior to continuing construction," which evidences that any potential issue had not yet occurred and could only occur in the future.

Plaintiff's Response also specifically states, "[t]he FAC at issue here does expressly allege that Defendant was about to violate A.R.S. § 13-2202(A)(4), A.R.S. § 13-2310(A), and/or A.R.S. § 13-2308.03(A)(1-2)." (Response p. 6). This is untrue and a large leap, not a "plausible inference," based on what is required to establish a violation of each of these statutes. In fact, Plaintiff acknowledges that the construction was at the stage where the framing and drywall had not yet even been sealed. (FAC ¶¶ 40, 63). The Response concludes that the fact that the mitigation specialist was present on February 11, 2020, taking photographs for the second time "does not prove that Defendant was planning to do anything – the same specialist was out before taking photographs and Defendant was planning to cover up the existing mold and thereby violate Arizona law." (Response p. 6). Nowhere in the FAC does it allege that "Defendant was planning to cover up the existing mold" and, further, the

fact that the mitigation specialist was there taking pictures of mold does not lead to a plausible inference that the Company was doing nothing regarding the mold.

The Response goes on to state that "Plaintiff did disclose his protected information in a reasonable manner – he went to his boss twice." (FAC ¶ 27-29, 40-56). Again, Defendant was aware of the presence of the mold based on the mitigation specialist's report and as explained in Defendant's Motion, the content of the allegations in Paragraphs 27-28 and 40 of the FAC does not constitute a reasonable disclosure that Plaintiff had information or a reasonable belief of a violation or potential violation of an Arizona statute by Defendant. There are no allegations in the FAC that: (1) Defendant or any of its employees actually covered up or were planning to cover up known mold; (2) Defendant or one of its employees "covered up a mold infestation" or was intentionally going to do so; (3) Defendant was not remedying or planning to remedy the alleged mold infestation; or (4) Defendant or any of its employees was sealing or planning to seal the mold into the framing and drywall or that any employee had been instructed to do so. (Motion, pp. 5-6). The FAC does, however, mention the presence of the mitigation specialist onsite taking pictures of mold. (FAC ¶ 53). Indeed, the allegation in the Response that "Defendant was about to engage in unlawful activity by covering up the severe mold in violation of Arizona laws" is completely unsupported by the contents of the FAC, and is merely a formulaic recitation of the elements. The FAC, including Paragraph 64, does not state that Defendant was going to cover up the severe mold, nor do they show a violation of the three cited criminal statutes that, as explained in the Motion, require specific elements that Plaintiff could not have reasonably believed were violated at that time or would be violated based on the facts known at the time.

Plaintiff cites *Levine v. Terros, Inc.,* 2010 WL 864498, *9 (D. Ariz. Mar. 9, 2010), for the proposition that "if a reasonable juror can infer that a Plaintiff reasonably believed conduct was in violation of Arizona law then the same juror can reasonably infer the act of communicating the behavior alleged to be improper is an implicit communication of the discloser's belief in the illegality of such conduct." Again, the FAC does not contain facts sufficient to allege that Plaintiff had a reasonable belief that Defendant's conduct violated

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-5-

Arizona law, so Plaintiff's reliance on this case is inapplicable.

Footnote 2 of the Response states that Plaintiff need not allege that Defendant actually failed to cover up the mold as protection – and Defendant does not argue this. Defendant does, however, maintain that in order for Plaintiff to have a cause of action under A.R.S. § 23-1501(A)(3)(c)(ii), he must have had information or a reasonable belief that Defendant or one of its employees "violated, is violating, or will violate" an Arizona statute and that he disclosed this belief in a reasonable manner to someone he believed had authority to investigate the alleged violation and take action to prevent further violations. As explained in Defendant's Motion and above, the FAC does not contain factual allegations showing that Plaintiff had a reasonable belief that there was a violation. Telling "his boss that covering up the mold would be 'deceptive and potentially unlawful,'" even if true, is insufficient in this circumstance where the FAC does not allege that Defendant or its employees were covering up the mold or were planning to cover up the mold. This merely shows Plaintiff making a statement that covering up mold would be deceptive and potentially unlawful, and does not demonstrate he felt Defendant was taking or planning to take any such action.

Even based on Plaintiff's own assertions, Defendant clearly already knew that mold was present because it "hired a mitigation company to assess the damage to Lyons Gate," and "the mitigation company prepared an itemized list of damages and determined there was visible mold that had infected large portions of the wood framing throughout Lyons Gate." (FAC ¶¶ 23, 25). Plaintiff merely told Defendant what it already knew and the FAC fails to allege facts to demonstrate any actions were taken to cover up the mold, or that Defendant intended to move forward with the project without mitigating the mold.

**B.    The Three Criminal Statutes Plaintiff Cites Do Not Suffice to Demonstrate the Requisite Reasonable Belief that Defendant Has Violated, Is Violating, or Will Violate Arizona Statutes.**

In an attempt to counter Defendant's argument that the FAC fails to allege "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'" in regard to any of the three criminal statutes upon which he relies, Plaintiff adds additional facts to his Response that are not contained in the FAC. As explained, the Court should not entertain these allegations

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-6-

when addressing a Motion to Dismiss. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Berenter v. City of Glendale,* No. CV-16-03576-PHX-JAT (DKD), 2017 U.S. Dist. LEXIS 98190, at *8 (D. Ariz. Jun. 26, 2017); *Session v. PLM Lender Servs.,* No. C 10-04942 WHA, 2011 U.S. Dist. LEXIS 147487, *13-14 (N.D. Cal. Dec. 22, 2011).

First, the FAC does not allege that Defendant "intentionally" covered up or was going to cover up "the mold on the wood framing used for the walls and roof Defendant was going to install," so it does not demonstrate Plaintiff had a reasonable belief that Defendant violated, was violating, or would violate one of the three criminal statutes on this basis. The FAC simply fails to allege that Defendant had "plans to cover up the mold."

Second, Plaintiff's argument that the FAC "satisfied all potential elements of each crime [that] would result from Defendant's deceptive and potentially unlawful activity" is in no way supported. Again, there is no allegation in the FAC that Defendant did, was going to, or would in the future cover up the mold on the wood framing. Any allegation that such an inference arises from the facts contained in the FAC is far too tenuous as directly demonstrated by Plaintiff's inclusion of additional factual information in its Response to attempt to prove this. For instance, the Response maintains that the FAC "alleges that Defendant is a contractor" that provides certain listed services, however, the FAC does not mention Defendant's role/position in regard to the Lyon's Gate project or any specific component of it. The Response also makes the factually unsupported conclusion that due to the delay in obtaining the roofing permit, "the wood framing became adulterated with visible mold infestation due to being left exposed to the elements," which is not contained in the FAC. Similarly, the FAC does not support Plaintiff's contention that "these facts" show that "Defendant sold the wood framing and its services which were adulterated goods and services because at the time the wood was infested with visible mold." There is no allegation in the FAC regarding where the wood framing came from, whether it was Defendant that sold the wood or that "at the time the wood was infested with visible mold," to make this conclusion. Rather, Plaintiff's Response merely attempts to make a recitation of the elements of A.R.S. § 13-2202(A)(4) by slapping

the label "adulterated" onto the "wood framing" and Defendant's alleged services to try to establish the necessary element that a person liable under the statute "sells, offers, or exposes for sale adulterated goods or services." Because the FAC is devoid of such information, Plaintiff cannot now add this information in his Response to avoid dismissal. Accordingly, the FAC fails to demonstrate Plaintiff had a reasonable belief in regard to a past, present, or future violation of A.R.S. § 13-2202(A)(4) by Defendant.

Third, Plaintiff attempts to rely on "the same facts" to "show that Defendant would be engaging in a scheme or artifice to defraud by covering up the visible mold on the wood framing without first mitigating it." Again, the FAC does not allege that Defendant was covering up or planning to cover up the mold, or that it did not plan to mitigate it. This is further bolstered by Plaintiff's admission that the mitigation specialist was on site on February 11, 2020, his last day on the job. Plaintiff's conclusion that the benefit to Defendant "in not dealing with the mold" is easily inferred as "saving the expense of mitigation services" also makes no sense because Defendant had the mitigation specialist onsite on Plaintiff's last day. As no facts are present in the FAC showing Defendant was covering up or planning to cover up the mold, Plaintiff cannot jump to this conclusion to try and establish the elements of A.R.S. § 13-2310(A). This crime is a class two felony and neither the FAC nor Plaintiff's Response come close to alleging facts to support any "scheme or artifice to defraud" to allow Defendant to knowingly obtain a benefit "by means of false or fraudulent pretenses, representations, promises or material omissions." The Response's further allegation that "Defendant would only get paid for framing goods (wood [sic], drywall, etc.) and its services if they were not infested with mold, so payment under Defendant's contract is another benefit which would be derived by Defendant's potentially fraudulent actions" contains several factual assertions not included in the FAC, including referring to a purported contract and terms of payment for particular goods and services as well as an alleged term regarding mold infestation and payment. These facts asserted in Plaintiff's Response should not be considered in relation to the Motion to Dismiss and are not "reasonable inferences" from the facts alleged in the FAC. *See Berenter*, 2017 U.S. Dist. LEXIS 98190, at *8. Accordingly, the FAC fails to demonstrate

Plaintiff had a reasonable belief in regard to a past, present, or future violation of A.R.S. § 13-2310(A) by Defendant.

Finally, Plaintiff challenges Defendant's position that he has failed to demonstrate he had a reasonable belief in regard to a past, present, or future violation of A.R.S. § 13-2308.03(A)(1)-(2),[1] because "a corporate entity can violate Arizona's criminal statutes." While A.R.S. § 13-305 does provide for criminal liability of enterprises, no facts are alleged in the FAC showing Defendant could be found capable of committing an offense that makes it liable as required by A.R.S. § 13-305. The statute at issue, A.R.S. § 2308.03(A), entitled "Unlawful use of infectious biological substance or radiological agent," does not involve an offense that: (1) consists of a failure to discharge a specific duty imposed by law; (2) involves conduct undertaken in behalf of the enterprise and constituting the offense that is engaged in, authorized, solicited, commanded or recklessly tolerated "by the directors of the enterprise in any manner or by a high managerial agent acting within the scope of employment" ("high managerial agent" being defined as an officer of an enterprise or any other agent in a position of comparable authority with respect to the formulation of enterprise policy); and (3) a misdemeanor or petty offense – it is a class two felony.  Moreover, A.R.S. § 2308.03 does not itself impose criminal liability on an enterprise.

Plaintiff's argument that "his boss" had the necessary knowledge and intent because Plaintiff told him about the mold and that covering it up would be deceptive and potentially unlawful relies on assumptions not contained in the FAC. Again, the FAC does not state that Defendant, or Plaintiff's boss for that matter, was covering up or planned to cover up the mold. It also does not make any allegation that Defendant or Plaintiff's boss possessed the mold with the intent to injure another person, or planned to manufacture, sell, give, distribute, or use the mold with the intent to injure another person, as required by A.R.S. § 2308.03. Plaintiff's argument that a presumption of intent to injure arises "if the nature and circumstances of an act were such that harm was substantially certain to occur" does not apply in the context of

---

[1] Plaintiff cites A.R.S. § 13-2308.03(A)(1)-(2), however, subsection (A) has no subparts. It appears Plaintiff is referring to A.R.S. § 13-2308.03(B)(1)-(2).

mold on a construction site, in particular where the FAC does not allege Defendant was covering up the mold or planned to cover up the mold. Further, his representation that mere possession can give rise to an inference that a person is aware of the risk the substance can be used in violation of this law also has no merit to substantiate his claim. In fact, the cited section, A.R.S. § 13-2308.03(C), expressly contains the language "unless satisfactorily explained" to qualify when "an inference that the person who is in possession of the substance or [radiological] agent is aware of the risk that the substance or agent may be used to commit an act in violation of this section." Clearly, mold naturally occurring on lumber at a construction site would be "satisfactorily explained" and not demonstrate an intent to injure. The FAC as written does not establish that Defendant or anyone in its employ had the necessary knowledge and intent required for a violation of A.R.S. § 2308.03(A)(1)-(2). Accordingly, the FAC fails to demonstrate Plaintiff had a reasonable belief in regard to a past, present, or future violation of A.R.S. § 13-2308.03(A)(1)-(2) by Defendant.

Plaintiff's argument that the facts in the FAC sufficiently show that Plaintiff reasonably believed Defendant was or was going to violate Arizona law "if it did not mitigate the mold as Plaintiff disclosed" is unsupported, and does not support a cause of action under A.R.S. § 23-1501(A)(3)(c)(ii). Plaintiff has not alleged any facts showing that Defendant covered up or planned to cover up the mold prior to mitigating it. Accordingly, the FAC should be dismissed.

## III. CONCLUSION

For the reasons set forth herein and in Defendant's Motion, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss Plaintiff's Amended Complaint in its entirety, with prejudice.

RESPECTFULLY SUBMITTED this 24th day of May 2021.

                              *s/ Steven G. Biddle*
                              Steven G. Biddle
                              Kimberly M. Shappley
                              LITTLER MENDELSON, P.C.
                              Attorneys for Defendant

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 24th day of May 2021 to:

Bradley D. Gardner
David R. Schwartz
1138 North Alma School Road, Ste. 101
Mesa, Arizona 85201
bdg@udallshumway.com
drs@udallshumway.com
Attorneys for Plaintiff

*s/ Tisha A. Davis*

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600